IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

v.

JAHOD BRANDON,
*Defendant*

Criminal Action No. ELH-17-322

**MEMORANDUM**

On October 22, 2020, the self-represented defendant, Jahod Brandon, moved for reconsideration of the Court's previous denial of his request for compassionate release. ECF 378. As discussed, *infra*, this is not Brandon's first request for reconsideration. The Motion is supported by exhibits. Defendant filed a supplemental submission (ECF 401), which is also supported by exhibits. I shall refer to ECF 378 and ECF 401 collectively as the "Motion." The government has not responded to the Motion, but it previously responded to an earlier compassionate release motion filed by Brandon.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

**A.**[1]

Brandon is currently serving a sixty-month sentence for conspiracy to distribute heroin and fentanyl. *See* ECF 183; ECF 243. His sentence began on September 24, 2018, with seven days' credit. *See* ECF 243.

On May 19, 2020, Brandon, through counsel, filed an "Emergency Motion For Compassionate Release Pursuant To 18 U.S.C. § 3582(c)(1)(A)(i)," based on the COVID-19

---

[1] I incorporate here by reference the factual and statutory background set forth in ECF 349, the facts pertinent to COVID-19, and the earlier analysis as to this defendant.

pandemic. ECF 328; ECF 330. The government opposed a reduction of defendant's sentence. ECF 334.

In a Memorandum Opinion (ECF 349) and Order (ECF 350) of June 9, 2020, I denied Brandon's earlier motion, without prejudice. I acknowledged, as did the government, that Mr. Bandon was eligible for compassionate release due to his chronic medical conditions. ECF 349 at 11. Further, I observed that the government did not oppose Mr. Brandon's motion on the grounds that he posed a danger to the community. *Id.* at 12. Nonetheless, upon "applying the factors in 18 U.S.C. § 3553(a)," I concluded that "a sentence reduction [wa]s not warranted." *Id.* at 16. In particular, I noted that Brandon had "only served about 18 months of his five-year sentence" for a drug offense, and that sentence, in turn, was a "below Guidelines sentence . . . imposed pursuant to Rule 11(c)(1)(C) for a very serious offense." *Id.*

Thereafter, on August 3, 2020, Brandon, through counsel, filed a "Second Emergency Motion For Compassionate Release Pursuant To 18 U.S.C. § 3582(c)(1)(A)(i)" (ECF 359), construed as a motion for reconsideration. He reported a "massive outbreak of COVID-19 cases" at USP Lewisburg, where he is incarcerated. *Id.* By Order of August 14, 2020 (ECF 361), I denied that motion for reconsideration, explaining that "the presence of the coronavirus at USP Lewisburg does not alter my conclusion that the § 3553(a) factors do not countenance Mr. Brandon's release." *Id.* at 2.

**B.**

The pending Motion was filed on October 22, 2020. ECF 378. Brandon describes his efforts to rehabilitate himself while imprisoned. In particular, defendant has completed programming related to drug addiction and he has earned his G.E.D. *Id.* at 1. Moreover, he notes

that he has "been incident free," *id.*, and that he has arranged for employment at a towing company upon release. *Id.* at 2.

To be sure, Brandon's commitment to rehabilitation is laudable. But, I discern no basis to depart from my previous conclusions that, under the factors set forth in § 3553(a), a sentence reduction is not warranted at this time.

As mentioned, the defendant's sentence in this case is significantly below the advisory sentencing guidelines range. A district court must consider the applicable factors under 18 U.S.C. § 3553(a). *United States v. Kibble*, ___ F.3d ___, 2021 WL 1216543, at *4 (4th Cir. Apr. 1, 2021) (per curiam). A district court is also "entitled to consider the amount of time" a defendant has served in its § 3553(a) analysis. *Id.* However, the defendant need not serve most of a sentence in order for a court to grant compassionate release. *See id.* at *6-7 (Gregory, C.J., concurring).

Defendant has a projected release date of February 21, 2023. *See Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Apr. 14, 2021). Thus, defendant has served about fifty-eight percent of his sentence, accounting for good time credit.

In light of the leniency of defendant's sentence, and for the reasons set forth in my previous Memorandum Opinion and Order, a sentence reduction as this juncture would be inconsistent with the sentencing goals of incapacitation, deterrence, and retribution. It would also be contrary to the principle of avoiding unwarranted sentencing disparities.

Therefore, I shall deny the Motion (ECF 378, ECF 401).

An Order follows.

Date: April 15, 2021

/s/
Ellen Lipton Hollander
United States District Judge